No. 2277.—E. W. Blake, Administrator, *v.* Bank of Louisiana et al.

After a court has been once vested with jurisdiction of a cause, the sale of the claim to a
third party does not operate a divestiture of jurisdiction.

APPEAL from the Fourth District Court, parish of Orleans. *Théard*, J.   *W. B. Koontz*, for plaintiff and appellant.   *Miles Taylor* and *James Brewer*, for defendant and appellee.

Howell, J.   An alias writ of seizure and sale having issued from the Fourth District Court of New Orleans, in the name of the Bank of Louisiana, at the instance of its assignees, David McLeod and the executors of F. G. Nichols, against Williams & Savage, and the sheriff of the parish of Lafourche, having seized the property, a plantation in said parish, subject to the mortgage, the plaintiff, as administrator of the succession of Savage, one of the mortgagors, enjoined the sale, on the grounds that the said F. G. Nichols, as the administrator of the succession of one A. S. Britton, the vendee of the interest of Williams, the other mortgagor, managed said plantation, and received the proceeds of the crops for several years, without accounting therefor; that in purchasing the claim from the bank, he used the funds then in his hands, belonging and due to the succession of Savage, which is entitled to the benefit of said purchase, Nichols, as agent, not being in a position to purchase the claim for himself; that the purchase was one of a litigious right, and the debtors can be discharged by restoring the sum paid; that the bank could not delegate the chartered right to proceed by executory process against a succession, and, finally, in the form of an exception to the answer of the assignees of the bank, that the parish court of Lafourche alone has jurisdiction of the matters in controversy. On the point raised by the exception, it is contended that the right to invoke the jurisdiction of the Fourth District Court of New Orleans was conferred by the charter and is personal to the bank, and there being no act importing a confession of judgment, the transferrees must proceed, *via ordinaria,* in the tribunal of the domicile.

In reply to this, it is sufficient to say that the Fourth District Court of New Orleans was vested with jurisdiction of the cause, when the bank sold the claim to McLeod & Nichols, and this jurisdiction was not thereby divested.   The purchasers merely caused an alias writ to issue in the suit pending, which they had the right to do by the express terms of the act of sale.   The case of Robb *v.* Potts, 2 An. 552, was one in which the rights of Municipality No. 2, against a property holder for contribution in the opening of a street, were involved, and does not sustain the position of plaintiff, that the right to an executory process upon a special mortgage does not pass with the sale of the claim secured by the mortgage.   It is unnecessary to decide whether the bank, in this case, could transfer a purely chartered privilege.   The

sale by the bank to McLeod & Nichols is not a sale of a litigious right, within articles 2622 and 2623, C. C.; and the record does not sustain the charge that Nichols used the funds of the succession of Savage, in making the purchase, or that he was in a position not to buy for himself.

Judgment affirmed.

Mr. Chief Justice Ludeling and Mr. Justice Wyly absent.